**WO** KM

**NOT FOR PUBLICATION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alfredo Garcia, | No. CV 09-2276-PHX-GMS (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County, et al., | |
| Defendants. | |

Plaintiff Alfredo Garcia, who is confined in the Arizona State Prison Complex-Safford, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. On November 13, 2009, the Court denied the Application to Proceed with leave to re-file. On December 3, 2009, Plaintiff filed a new Application to Proceed. By Order filed January 7, 2010, the Court granted Plaintiff *in forma pauperis* status and dismissed the Complaint with leave to amend. On January 25, 2010, Plaintiff filed a First Amended Complaint. The Court will dismiss the action.

**I.  Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).

**II.   Amended Complaint**

Plaintiff names the following Defendants in the Amended Complaint: Maricopa County, Maricopa County Board of Supervisors, Maricopa County Joe Arpaio, and Unknown MCSO Officer/Driver.

Plaintiff's sole ground for relief is that his Fourteenth Amendment rights were violated when he was injured in an auto accident while incarcerated in the Maricopa County

Jail. Plaintiff alleges that Defendant Unknown MCSO Officer/Driver was responsible for the accident because he failed to stop at a four-way intersection. Plaintiff also alleges that the van was overcrowded and that there were no seatbelts. Plaintiff seeks injunctive relief and money damages.

**III.    Failure to State a Claim**

    **A.    Defendants Maricopa County, Maricopa County Board of Supervisors and Arpaio**

As the Court informed Plaintiff in its last screening Order, to state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). Plaintiff has not made any allegations against Defendants Maricopa County, Maricopa County Board of Supervisors, or Arpaio in the Amended Complaint. Plaintiff has therefore failed to state a claim against these Defendants.

    **B.    Negligence**

A pretrial detainee's claim for unconstitutional conditions of confinement arises from the Fourteenth Amendment Due Process Clause rather than from the Eighth Amendment prohibition against cruel and unusual punishment. Bell v. Wolfish, 441 U.S. 520, 535 (1979). Nevertheless, the same standards are applied, requiring proof that the defendant acted with deliberate indifference. See Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

To state a claim of deliberate indifference, plaintiffs must meet a two-part test. First, the alleged constitutional deprivation must be, objectively, "sufficiently serious"; the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to inmate health or safety. Farmer, 511 U.S. at 834. In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of facts from which the inference could be

drawn that a substantial risk of serious harm exists, <u>and</u> he must also draw the inference." <u>Id.</u> at 837 (emphasis added).

As with the original Complaint, Plaintiff has not alleged facts in the Amended Complaint that demonstrate the Unknown Detention Officer was deliberately indifferent to Plaintiff's health or safety. Plaintiff's facts show, at most, that the Officer maybe have acted carelessly or negligently while driving.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. <u>Farmer</u>, 511 U.S. at 834 (citing <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) and <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986)). The Supreme Court elaborated:

> An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

<u>Id.</u> at 837 (citations omitted).

Accordingly, Plaintiff's Amended Complaint fails to state a claim and will be dismissed.

**IV.     Dismissal without Leave to Amend**

Leave to amend need not be given if a complaint as amended is subject to dismissal. <u>Moore v. Kayport Package Exp., Inc.</u>, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny or grant leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. See <u>Sisseton-Wahpeton Sioux Tribe v. United States</u>, 90 F.3d 351, 355 (9th Cir. 1996). Failure to cure deficiencies by previous amendments is one of the factors to be considered in deciding whether justice requires granting leave to amend. <u>Moore</u>, 885 F.2d at 538. The Court has reviewed the original Complaint and Amended Complaint and finds that further amendment of Plaintiff's claims would be futile. The Court will therefore dismiss the Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1) The Amended Complaint (Doc. #10) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(2) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

DATED this 4th day of March, 2010.

_____
G. Murray Snow
United States District Judge